Lloyd D. HOLLINGSWORTH,
Dan's Aircraft Repair,
Inc., Petitioners,

v.

NATIONAL TRANSPORTATION
SAFETY BOARD,
Respondent.

No. 99–71452.
NTSB Nos. SE–15676 and SE–15677.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2001.

Decided Sept. 4, 2001.

**730**

Before SCHROEDER, Chief Judge, T.G. NELSON and SILVERMAN, Circuit Judges.

### MEMORANDUM *

■ Petitioners Lloyd Hollingsworth and Dan's Aircraft Repair seek review of the National Transportation Safety Board's decision affirming the Federal Aviation Administrator's order revoking their respective repair certificates. Because the parties are familiar with the facts, we will not set them out in detail. We have jurisdiction under 49 U.S.C. § 1153, and we deny the petition.

■ Petitioners contend there is no regulatory or statutory provision preventing them from removing N1590R's identification plate and reattaching it after a "nose to tail overhaul." They are mistaken. Except when necessary during general maintenance procedures, 14 C.F.R. § 45.13(c) unambiguously prohibits the re-

moval or installation of a plane's identification plate without prior approval from the Administrator. We agree with the NTSB and the FAA that Petitioner's "overhaul" of NI590R, which included the wholesale replacement of the engine, wings, and fuselage, cannot be characterized as a maintenance procedure. Petitioners plainly violated § 45.13(c).

■ With respect to the 14 C.F.R. § 43.12(a) violation, Petitioners argue the Administrator failed to carry her burden of proving Hollingsworth knowingly falsified N1590R's maintenance log. The record reflects otherwise. It is undisputed Hollingsworth recorded that N1590R's frame was replaced "with a used serviceable frame" having 1022.1 hours of "total in service" time. At the hearing, he testified that he could not determine the origin of the replacement frame because the identification plate had been removed. This admission confirms Petitioners' violation. Absent knowledge of the replacement frame's flight history, Hollingsworth knew that he could not accurately represent the service time.

Petitioners also contend that the FAA's re-issuance of Dan's Aircraft's repair station certificate estops the Administrator from defending the emergency revocation orders. We disagree. The only issue before the NTSB was the propriety of the initial revocations. The FAA's subsequent re-issuance of Dan's Aircraft's certificate had no bearing on this inquiry.

**PETITION DENIED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.